**FIRST DEFENSE LEGAL AID, et al., Plaintiffs,**

v.

**CITY OF CHICAGO, et al., Defendants.**

No. 01 C 9671.

United States District Court, N.D. Illinois, Eastern Division.

July 18, 2002.

Craig Benson Futterman, Chicago, IL, Locke E. Bowman, Jean McClean Snyder, Chicago, IL, for plaintiff.

Daniel E. Reidy, June K. Ghezzi, Jason Graham Winchester, Jones, Day, Reavis & Pogue, Chicago, IL, Alec M. McAusland, Allen Duarte, City of Chicago, Assistant Corporation Counsel, Commercial & Policy Litigation Division, Chicago, IL, Sheri H. Mecklenburg, Scott J. Jebson, City of Chicago, Assistant Corporation Counsel, Individual Defense Litigation Division, Chicago, IL, Paul A. Castiglione, Louis R. Hegeman, Patrick T. Driscoll, Jr., Cook County State's Attorney's Office, Chicago, IL, for defendants.

### *MEMORANDUM ORDER*

SHADUR, Senior District Judge.

Plaintiffs First Defense Legal Aid, Sladiana Vuckovic and Dawn Sheikh have moved for a temporary restraining order ("TRO"), for purposes of which this Court has conducted an evidentiary hearing and the parties have now completed their briefing. As reflected by the contemporaneously issued memorandum opinion and order that has addressed all defendants' motions to dismiss the Complaint, this Court has just resolved the substantive viability of plaintiffs' constitutional claim under Complaint Count I (now the sole remaining count) in plaintiffs' favor—and be-

cause it seems unlikely from the evidentiary hearing and from all of defendants' written submissions that an effective defense to that First Amendment claim can be mounted, that ruling would appear to presage plaintiffs' ultimate success in this action.

But this Court is mindful of defendants' urgings that a current grant of what could equate to plaintiffs' ultimately sought relief, in the form of a mandatory injunction, would constitute an unusual step (even if fully justified). Such an interim remedy may indeed be in order in this case, but the issuance of the contemporaneous opinion on the merits has changed the landscape for consideration of that or any other interim relief. It therefore seems the better part of discretion to deny the TRO at this time—albeit briefly and without prejudice—and this Court so orders. This Court has set a next status hearing for 9:30 a.m. July 23, 2002, and the parties should be prepared at that time to address the subject of potential interim relief, whether in the form of a TRO or otherwise.